Rajeev K. Adlakha (NY4360194) (OH0087096)
Kari B. Coniglio (Pro Hac Vice)
Karey E. Werner (Pro Hac Vice)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6100
(216) 479-6060 (facsimile)
rkadlakha@vorys.com
kbconiglio@vorys.com
kewerner@vorys.com
*Counsel for PopSockets LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 1:20-42591 |
| ONLINE KING LLC, | Chapter 11 |
| Debtor. | Judge Louis A. Scarcella |

### POPSOCKETS LLC'S JOINDER IN THE MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CHAPTER 11 CASE

PopSockets LLC ("PopSockets") joins in the Motion to Dismiss Chapter 11 Case (ECF No. 70) (the "Motion") filed on November 12, 2020 by William K. Harrington, United States Trustee for Region 2's (the "Trustee"). In support of this Joinder, PopSockets states as follows:

1. On November 12, 2020, the Trustee filed the Motion asserting that dismissal of this case under Subchapter V of Chapter 11 (this "Bankruptcy Case") is warranted pursuant to 11 U.S.C. § 1112(b)(4)(J) due to the failure of the debtor, Online King LLC ("the Debtor") to timely file a plan. PopSockets joins in the Motion for the reasons set forth therein. PopSockets submits this Joinder to provide additional facts and argument in support of dismissal.

### FACTS

2. On September 30, 2020, the Court issued an Order Authorizing Creditor to Issue

Subpoenas for the Production of Documents and Authorizing the Creditor to Examine the Debtor ("2004 Examination Order"), which authorized PopSockets to issue subpoenas for the production of documents and to examine the Debtor pursuant to Bankruptcy Rule 2004. [ECF No. 57.]

3. Before issuing its subpoena, in an effort to expedite matters and mitigate the burden on the Debtor, PopSockets carefully examined its proposed subpoena to the Debtor and prioritized certain document requests. PopSockets was hopeful that if it received a full production of documents on the prioritized requests that it would not need to obtain production on the other document requests. PopSockets also sought to work with the Debtor on scheduling the deposition of the Debtor's representative. [*See* Declaration of Karey E. Werner ("Werner Dec."), attached hereto as Exhibit A, at 5.]

4. On October 22, 2020, PopSockets issued its subpoena to the Debtor (the "Subpoena"). [Werner Dec. at 6.] Consistent with the 2004 Examination Order, the Subpoena sought the production of documents by November 5, 2020 and for the deposition to occur on November 18.

5. On the morning after the documents were due pursuant to the Subpoena, the Debtor requested a two-week extension of its time to produce documents. [Werner Dec. at 7.] In its request, the Debtor did not object to producing documents. Instead, the Debtor's counsel advised that their "office has been in contact with the Debtor's and its accountants and they are working on providing all the documents requested." [*Id.*]. The Debtor requested a two-week extension to produce because "due to Covid, they are short-staffed and it is taking longer than expected." [*Id.*]

6. PopSockets consented to the extension request and sought the Debtor's availability for rescheduling the examination. [Werner Dec. at 8.] Accordingly, the Debtor's document production was due November 19, 2020.

7. On November 20, 2020, after still receiving no documents in response to the Subpoena, PopSockets asked the Debtor when it could expect the Debtor's document production. [Werner Dec. at 9.]

8. Once again, the Debtor did not object to producing documents. Instead, the Debtor's counsel's office responded by advising that they had "spoken to the accountants for the Debtor and they estimate they should have the documents by the end of the week." [Werner Dec. at 10.] The Debtor requested a second extension of time to produce documents until November 27, 2020. [*Id.*]

9. PopSockets consented to the second extension request. [Werner Dec. at 11.] Accordingly, the Debtor's document production was due on or before November 27, 2020.

10. The Debtor did not request any further extension of time to produce documents. Instead, on December 4 and 7, 2020, the Debtor untimely produced some documents to PopSockets. [Werner Dec. at 12.]

11. The Debtor's production, however, contained documents that were not in a usable or readable format. [Werner Dec. at 13.] PopSockets requested that the Debtor reproduce the documents that were not in a usable or readable format in their native format instead. [*Id.*]

12. PopSockets also requested that the Debtor produce documents responsive to Document Request No. 37, which was one of the priority requests that PopSockets had identified at the time that it issued the Subpoena. When the Debtor produced documents on December 4 and 7, it did not address Document Request No. 37. [Werner Dec. at 14.]

13. On December 15, 2020, the Debtor's counsel's office advised, "I have reached out to the Debtor's principal and the Debtor's accountant concerning the concerns raised. We should have a full response soon." [Werner Dec. at 15.]

14. As of the filing of this Joinder, PopSockets has not received the requested documents in their native format or a response to Document Request No. 37. [*Id.*]

15. On December 3, 2020, the Debtor filed its Objection to Chapter 11 Trustee's Motion to Dismiss or Convert Case and Application to Convert to Chapter 11 Small Business Debtor Case ("Objection"). [ECF No. 82.] In its Objection, the Debtor argued that the Trustee's Motion should be denied and that the Debtor should instead be permitted to amend its petition from a Subchapter V petition to a Chapter 11 Small Business Debtor case.

## RELIEF REQUESTED

### A. There Is "Cause" for Dismissal Under 11 U.S.C. § 1112(b).

16. PopSockets joins the Trustee's Motion and seeks entry of an order dismissing the Bankruptcy Case.

17. As explained in the Trustee's Motion, the Debtor's failure to file a plan constitutes "cause" requiring dismissal or conversion under 11 U.S.C. § 1112(b)(4)(J).

18. Cause also exists under 11 U.S.C. § 1112(b)(4)(E) for the Debtor's "failure to comply with an order of the court."

19. In the 2004 Examination Order, the Court authorized PopSockets to issue subpoenas to the Debtor for the production of documents and to examine the Debtor. The Court further ordered that, "unless agreed to by the Creditor [PopSockets], the Debtor shall have fourteen (14) days from service of a subpoena to either (1) produce to the Creditor all responsive documents requested in the Creditor's subpoena, other than those documents withheld under a claim of privilege or (2) file with this Court an objection or response to the subpoena with a hearing promptly scheduled." [ECF No. 57].

20. PopSockets issued the Subpoena on October 22, 2020, and it twice agreed to extend the deadline by which the Debtor had to produce documents (in each case after the deadline had already passed). Pursuant to the second extension, the Debtor was to produce documents responsive to the Subpoena on or before Friday, November 27, 2020.

21. Without requesting a further extension, the Debtor untimely produced some documents on December 4 and 7.

22. PopSockets identified two issues with the Debtor's untimely production: many of the documents were not in a usable or readable format and the Debtor had failed to address Document Request No. 37. Despite the Debtor advising PopSockets on December 15 that it should have a "full response soon," as of the filing of this Joinder, the Debtor has failed to reproduce the unusable documents in their native format or address Document Request No. 37.

23. Cause accordingly exists under 11 U.S.C. § 1112(b)(4)(E) for dismissal or conversion of this Bankruptcy Case. *See In re Babayoff*, 445 B.R. 64, 80 (Bankr. E.D.N.Y. 2011) ("Notably, Section 1112(b)(4)(E) does not require that the debtor's failure to comply be willful, or the product of bad faith or fraud.").

**B. The Debtor's Proposed Conversion to a Small Business Debtor Case Does Not Obviate the Cause to Dismiss.**

24. While Fed. R. Bankr. P. 1009(a) liberally allows a debtor to amend a voluntary petition "as a matter of course at any time before the case is closed," the Debtor's indicated amendment of its petition from a Subchapter V petition to a Chapter 11 Small Business Debtor case (the Debtor has not yet actually effected such an amendment) will not obviate the cause to dismiss that exists under 11 U.S.C. § 1112(b).

25. "The filing of [an] Amended Petition is, standing alone, insufficient to alter what has transpired previously in [a] case." *In re Roots Rents, Inc.*, 420 B.R. 28, 41-42 (Bankr. D. Idaho 2009). In *In re Roots Rents, Inc.*, the debtor, who had designated itself as a small business debtor in its petition, failed to confirm its plan within 45 days after the filing of its plan as required under the Bankruptcy Code in a small business case, causing the U.S. Trustee there to file a dismissal motion under § 1112(b). *Id.* at 31-33. The debtor responded by filing an amended petition in which it designated itself as "not a small business debtor." *Id.* at 33. The court nevertheless dismissed the case finding cause in the debtor's failure to obtain confirmation of its plan within the 45 days required for small business debtors. *Id.* at 41-42.

26. Here, too, the Debtor's proposed amendment would not alter the historical fact that the Debtor "fail[ed] . . . to file or confirm a plan . . . within the time fixed by this title." Under the plain language of 11 U.S.C. § 1112(b)(4)(J), that failure created "cause" for dismissal. The existence of such cause has now been fixed and cannot be altered by the Debtor's future actions.

**C.  Dismissal, Rather than Conversion, of this Action is Warranted.**

27. PopSockets agrees with the United States Trustee that this case should be dismissed. As noted by the United States Trustee, the schedules and affidavits filed by the Debtor and the Debtor's representations at the 341 meetings indicate that there would be few, if any, estate assets for a chapter 7 trustee to liquidate. Accordingly, PopSockets agrees that it would be in the best interest of the Debtor's creditors and the estate for this case to be dismissed.

**NOTICE**

28. Notice of this Joinder has been given to the Debtor's counsel, Gerard R. Luckman, the subchapter V trustee for the Debtor, the Office of the U.S. Trustee, Amazon.com, LLC, Amazon Capital Services, Inc., Gordon Rees Scully Mansukhani, LLP, Tuchman & Associates,

TD Bank, N.A., Groves Law, LLC, PNC Bank N.A., and NYS Department of Taxation & Finance.

29.	Besides the Motion, no previous motion for the relief requested herein has been made to this or any other Court.

30.	WHEREFORE, PopSockets respectfully requests that the Court grant the Trustee's Motion.

Dated: December 30, 2020				VORYS, SATER, SEYMOUR AND PEASE LLP

						*/s/* Karey E. Werner
						Karey E. Werner (admitted pro hac vice)
						200 Public Square, Suite 1400
						Cleveland, Ohio 44224
						(216) 479-6100
						(216) 479-6060 (facsimile)
						kewerner@vorys.com

						*One of the Attorney for PopSockets LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2020, a true and correct copy of the foregoing *Joinder in the Motion of United States Trustee to Dismiss Chapter 11 Case* was filed and served electronically via the Court's CM/ECF System upon all parties who are registered to receive electronic notice and served via First Class U.S. Mail on the below parties.

Gordon Rees Scully Mansukhani, LLP
1 Battery Park Plz, Fl. 28
New York, NY 10004-1582

Groves Law, LLC,
281 S Pearl St.
Denver, CO 80209-2017

PNC Bank, N.A.
PO Box 94982
Cleveland, OH 44101

Tuchman & Associates
6050 W Pico Blvd.
Los Angeles, CA 90035-2647

TD Bank, N.A.,
1701 Route 70 E,
Cherry Hill, NJ 08034

*/s/* Karey E. Werner
Karey E. Werner